**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

ROCHELLE DRIESSEN,

:            Case No. 3:12-cv-91

        Plaintiff,

                                       District Judge Walter H. Rice

     vs.                                :            Magistrate Judge Michael J. Newman

WOODFOREST NATIONAL BANK,            :

        Defendants.

---

**SCHEDULING ORDER**

---

       This case came on for a scheduling conference, pursuant to Fed. R. Civ. P. 16, by telephone at 4:00 p.m. on Monday, July 2, 2012.    *Pro se* Plaintiff Rochelle Driessen and Defendant's attorneys, Austin Musser and Shannah Morris, participated in the telephone conference.

       The parties have not unanimously consented to plenary magistrate judge authority under 28 U.S.C. § 636(c).  Accordingly, the case will remain on the trial docket of District Judge Walter Rice as originally assigned, but on Magistrate Judge Newman's docket for all pretrial purposes, up to but not including the final pretrial conference.  The parties are reminded that they have the continuing right to consent to magistrate jurisdiction until the case is tried.  Failure to consent will not have any adverse substantive consequences.

       The Court sets the following filing deadlines:

1.     Required disclosures under Fed. R. Civ. P. 26(a)(1):                    July 6, 2012

2.      "Cut-off" date for filing of[1]:

      a.   Motions to amend pleadings and/or to add parties:      July 20, 2012

      b.   Motions directed to pleadings (including motions to      July 27, 2012
         dismiss filed pursuant to Fed. R. Civ. P. 12)

3.      Dates to reveal the identity of expert witnesses, along with a copy of each expert's report
under Fed. R. Civ. P. 26(a)(2)(C) are:

      a.      Plaintiff's Primary Experts:      **No Experts are Expected**
         Defendant's Primary Experts:
      b.      All Rebuttal Experts:

4.      Date to disclose identity of lay witnesses:      July 27, 2012

5.      Status Conference with Magistrate Judge Newman:      September 20, 2012,
      at 10:30 a.m.

6.      "Cut-off" deadline for discovery[2]:      October 1, 2012

7.      "Cut-off" date for filing of motions not directed to pleadings:      October 15, 2012
(including motions for summary judgment)

8.      Proposed Joint Final Pretrial Order filed by parties no later than:      January 18, 2013

9.      Trial Exhibits to be exchanged by:      January 25, 2013

10.     Final Pretrial Conference:      February 12, 2013
      At 5:00 p.m., in Judge
      Rice's Chambers

11.     Bench trial on the merits, beginning:      February 12, 2013,
      at 9:30 a.m.,
      in Courtroom #1

---

[1]Following these dates, amendments to pleadings and motions directed to pleadings may be made only upon leave of Court, with notice to opposing counsel.

[2]Absent agreement among counsel or approval by the Court, there will be no continuation of discovery beyond the discovery "cut-off" date.  If counsel extend discovery by agreement, there will be no supervision or intervention by the Court, such as a Fed. R. Civ. P. 37 request for sanctions, without a showing of extreme circumstances.  Parties who undertake to extend discovery beyond the "cut-off" date do so at the risk the Court may not permit its completion prior to trial.

The parties are reminded of their continuing duty to update their discovery responses pursuant to Fed. R. Civ. P. 26(e).  This includes their responses to initial disclosures pursuant to Rule 26(a), as well as interrogatories, requests for production, and requests for admission.  No trial setting will be vacated due to the failure to complete discovery, except under the most unusual of circumstances.

The term "discovery" includes any depositions for presentation at trial in lieu of appearance. The discovery "cut-off" deadline means that all discovery must be concluded, as opposed to simply requested, by the discovery "cut-off" date.  Purely as a hypothetical example, a request for the production of documents, with a 30-day response time, must be served upon the opposing party in sufficient time to allow said party to respond prior to the discovery "cut-off" date.   No extension of the discovery "cut-off" deadline will be allowed if such extension would impact adversely on the trial date set herein.

If the parties desire assistance, they are directed to contact Gayle Hays at (937) 512-1640 in order to set up a status conference.  If the parties settle this case on their own, they are directed to inform the Court as soon as possible.

Prior to filing motions to compel discovery, the parties are directed to call Gayle Hays at (937) 512-1640 to set up a status conference.

**IT IS SO ORDERED.**

July 3, 2012                                                     s/ **Michael J. Newman**
                                                                     United States Magistrate Judge