**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

| | | |
|---|---|---|
| **HEATHER KREGER,** | : | Case No. 3:11-CV-277 |
| **Plaintiff,** | : | |
| | | **District Judge Walter H. Rice** |
| -vs- | : | |
| | | **Magistrate Judge Michael J. Newman** |
| | : | (Mediation) |
| **NORFOLK SOUTHERN RAILWAY COMPANY,** | : | |
| **Defendant.** | : | |

## ORDER FOR COURT-CONDUCTED MEDIATION

The above-captioned action is hereby set for mediation at **9:30 a.m. on Thursday, December 6, 2012,** in the Chambers of Magistrate Judge Michael J. Newman, Room 505, at the United States Courthouse and Federal Building, 200 West Second Street, Dayton, Ohio, 45402. The terms and conditions of the mediation are as follows:

**Designation of Mediator:** On Order of Judge Walter H. Rice, the undersigned will serve as the mediator in this case. The case remains assigned for trial and all other purposes to Judge Rose.

**Preparation for Mediation:** Not later than **Thursday, November 29, 2012**, each party is **ORDERED** to submit a "Mediation Statement" to the Court. Parties are directed to submit their statement to the Court via e-mail at: **newman_chambers@ohsd.uscourts.gov**. The statement shall set forth the relevant positions of the parties concerning factual issues, issues of law, damages, and the settlement negotiation history of the case, including a recitation of any specific demands and

1

offers that have been conveyed. Written statements should not exceed five pages in length. Parties may send to the same email address any important documents/exhibits as necessary, so long as those documents will aid in the Court's understanding of the party's position. **The contents of each party's statement and attached exhibits will not be shared with the other party, and will only be used to assist the mediator in understanding the parties' respective positions**. These statements will be maintained by the Court separate and apart from the case file. If a party is concerned that having all of the parties in the same room at the outset of the mediation could hinder a resolution, that party should inform the mediator of its concerns in the mediation statement **and** contact Magistrate Judge Michael Newman's Judicial Assistant at (937) 512-1640 prior to **November 29, 2012**.

In addition, counsel for each party is **ORDERED** to submit to their client and the Court (via email to **newman_chambers@ohsd.uscourts.gov**) by **Monday, December 3, 2012** a non-binding, detailed projected litigation budget. The budget shall include projected costs and fees for the remaining pretrial issues in this case, including but not limited to depositions, written discovery, motions for summary judgment, and oral arguments before the Court. Each party's litigation budget is not to be shared with the opposing party, and shall not be filed on the Court's electronic filing system.

**Attendance and Participation:** Unless excused by the Court, parties or party representatives with complete authority to negotiate a settlement of the case must attend the mediation session in person.

- For a party which has made a claim in the case, such representative must have full and final authority, in the representative's own discretion, to authorize dismissal of the claim with prejudice or to accept a settlement payment equal to the opposing party's last offer.

- For a party defending a claim, such representative must have final settlement authority to commit the party to pay, in the representative's own discretion, a settlement amount equal to the opposing party's prayer or last offer, whichever is less.

- Any insurance company which is a party or is contractually required to defend or pay damages, if any, assessed within its policy limits in this case must have a fully authorized representative present in-person. Such representative must have final settlement authority to commit the company to pay, in the representative's own discretion, an amount within the policy limits, or up to the claiming party's last demand, whichever is less.

- Negotiations may be conducted solely by trial counsel if, but only if, counsel has been fully authorized by his or her client to pay or accept in settlement the amount last proposed by the opposing party in counsel's sole discretion.

**Confidentiality:** Pursuant to S. D. Ohio Civ. R. 16.39(c), all statements made by the parties relating to the substance or merits of claims or defenses made in the case, whether written or oral, made for the first time during the mediation conference or in the mediation conference statements required above shall be kept confidential by the Court, the parties, and counsel, and shall not be admissible in evidence for any reason during the trial of this case. This provision does not preclude admissibility in other contexts, such as a motion for sanctions regarding the mediation conference.

**Sanctions:** This mediation session is scheduled in the Court for **one full day**; the Court will use its best efforts not to schedule anything else on the same day. Accordingly, the Court's expectation is that all who attend the mediation will make reasonable efforts to come to the mediation session prepared to attempt settlement in good faith. The Court has no doubt of the good faith of both counsel and the parties in this case. Out of an abundance of caution, however, the Court advises that failure to comply with any portion of this Order is sanctionable under Fed. R. Civ. P. 16(f). This provision applies to counsel, the parties, insurance representatives, and all others who attend the mediation. The Court may sanction any party, attorney, insurance representative, or other

mediation attendee who engages in acts of bad faith, who purposely acts to impede the mediation process in any manner, or who violates any provision of this Order.

Additionally, all attorneys, insurance representatives, and parties (and their representatives) are required to each stay until the end of the mediation session, which may run well past regular Court business hours and well into the night, if necessary.  Those attending the mediation session who make travel arrangements shall plan to travel back to their offices the day **after** the mediation session and **not the day of the mediation.**  Mediation attendees shall **not** be excused from the mediation session because of another commitment, or in order to "catch a flight" or return to the airport, even if they remain available thereafter by cell phone or email.  Accordingly, all of those attending the mediation should make any necessary arrangements to stay until dismissed by the Court.

**IT IS SO ORDERED.**

October 22, 2012

                                             **s/Michael J. Newman**
                                             United States Magistrate Judge